IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-08-114-D |
| | ) | |
| EMILY ANNE SAUPITTY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

The government has filed a notice [Doc. No. 34] of its intent to offer evidence which it contends is admissible pursuant to Fed. R. Evid. 404(b). Defendant has filed a response in which she objects to the admission of the evidence and moves in limine to exclude the same; the government has filed a reply.

I.  Background:

 Defendant is charged with 33 counts of embezzlement of funds belonging to the Apache Tribe of Oklahoma, in violation of 18 U. S. C. § 1163. The Indictment alleges that, during the period of May 12, 2003 through March 16, 2004, she knowingly embezzled funds from the Apache Tax Commission bank account at Arvest Bank in Lawton, Oklahoma (the "Arvest account"). Each count alleges that, acting as Tax Commissioner for the Apache Tribe, Defendant withdrew funds from the Arvest account and converted the same to her own use.

In its Rule 404(b) notice, the government states its intent to introduce evidence of 1) Defendant's allegedly improper withdrawals of Arvest account funds prior to the dates charged in the Indictment; and 2) her March 2004 attempt to withdraw funds from a different bank account maintained by the Apace Tribe of Oklahoma. In her response, Defendant initially states that she cannot adequately respond to the alleged evidence of her pre-May 2003 conduct because the

government has not identified the specific incidents at issue.   However, Defendant argues that

conduct prior to the dates charged in the Indictment does not qualify as  Rule 404(b) evidence and

must be excluded on grounds of undue prejudice.  Defendant also argues that the evidence related

to her alleged conduct regarding another Tribal account in March 2004 is not admissible under Rule

404(b) and must be excluded as irrelevant and unduly prejudicial.

II. Rule 404(b) standards:

Pursuant to Rule 404(b), evidence of prior crimes or wrongs may be admitted for certain

purposes specified in the Rule, if the defendant against whom it is offered is protected from unfair

prejudice. *Huddleston v. United States*, 485 U.S. 681, 691 (1988).  The Rule provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of
> a person in order to show action in conformity therewith.  It may, however, be
> admissible for other purposes, such as proof of motive, opportunity, intent,
> preparation, plan, knowledge, identity, or absence of mistake or accident, provided
> that upon request by the accused, the prosecution in a criminal case shall provide
> reasonable notice in advance of trial, or during trial if the court excuses pretrial
> notice on good cause shown, of the general nature of any such evidence it intends to
> introduce at trial.[1]

There are four requirements for admissibility under Rule 404(b): (1) evidence of other crimes,

wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the

court must make a Rule 403 determination whether the probative value of the similar acts is

substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must

instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for

which it was admitted. *Huddleston,* 485 U.S. at 691-92; *United States v. Tan*, 254 F. 3d 1204, 1207

(10th Cir.2001);  *United States v. Record*, 873 F.2d 1363, 1374 (10th Cir. 1989).  A defendant is

presumed to be protected from unfair prejudice if those requirements are met. *Huddleston,* 485 U.S.

---

[1]*The government has complied with the pretrial notice requirements of the rule.*

at 691-92.  Rule 404(b) is a rule of "inclusion;" thus, relevant evidence of uncharged acts  is

admissible where the *Huddleston* requirements are met.   *Tan*, 254 F. 3d at 1208; *Record,* 873 F.2d

at 1374-75.

Even if evidence is relevant and offered for a proper purpose set out in Rule 404(b), the

Court must balance the probative value of that evidence against its potential prejudice in accordance

with Fed. R. Evid.   403.  Evidence is excluded under Rule 403 if the district court determines that

"its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

presentation of cumulative evidence." Fed. R. Evid. 403. Unfair prejudice in the Rule 403 context

"means an undue tendency to suggest decision on an improper basis, commonly, though not

necessarily, an emotional one." *See* Fed. R. Evid. 403 advisory committee's note. The district court

has considerable discretion in performing the Rule 403 balancing test.   However, exclusion of

evidence under Rule 403 that is otherwise admissible under the other rules "is an extraordinary

remedy and should be used sparingly."  *Tan,*  254 F. 3d at 1211  (quoting *United States v. Rodriguez*,

192 F. 3d 946, 949 (10th Cir.1999)).

## III. Application:

## A.  Evidence of prior Arvest Bank withdrawals:

In this case, the government states that evidence of Defendant's withdrawals of funds prior

to the first date charged in the Indictment will show that, on each occasion, Defendant converted the

withdrawn funds to her own use.  According to the government, these earlier withdrawals are not

charged in the Indictment because the statute of limitations has expired on that conduct.   The

government argues that this evidence will be offered for the proper purposes set out in Rule 404(b),

as it will show proof of motive, opportunity, intent, preparation and planning; in addition, the

government contends this evidence will show absence of mistake or accident on Defendant's part.

Defendant initially argues that she cannot adequately respond to the government's argument because the prior instances are not sufficiently described to allow her to determine their relevance. However, she also contends that any prior instance of the type described is inadmissible because it is highly prejudicial and would be confusing to the jury.  Defendant also argues that, to the extent the government contends  the evidence is  intrinsic to the crimes charged, its argument fails.

In its reply, the government notes Defendant's objection based on a lack of specificity regarding the prior withdrawals, and it describes the transactions and applicable dates in more detail. In addition, the government submits as exhibits to its reply copies of Arvest bank documents evidencing the transactions at issue.   The government explains that its purpose in introducing this evidence is to explain the background regarding Defendant's opening of the Arvest account and the manner in which she utilized that account prior to the dates charged in the Indictment.   The government contends that this evidence is necessary to explain the events leading up to the charged incidents; it also contends this information will assist the jury in understanding Arvest bank documents reflecting the charged incidents, and will avoid jury confusion concerning the Arvest bank records.   Thus, the government argues, the exhibits explaining the opening of the Arvest account and Defendant's use of that account are necessary to an explanation of the other evidence to be introduced and constitutes intrinsic evidence.

As the parties' arguments  suggest, Rule 404(b) does not govern the admissibility of intrinsic evidence, but applies only to evidence of acts extrinsic to the charged crime.  *United States v. Oles*, 994 F.2d 1519 (10th Cir. 1993).  Evidence of a prior act is intrinsic to the crime charged where the uncharged act is part of the scheme for which a defendant is being prosecuted or it was "inextricably intertwined with the charged crime," so that a witness's testimony would be confusing and

4

incomplete without mention of the prior act; intrinsic evidence is admissible without reference to Rule 404(b). *Record*, 873 F.2d at 1372 n.5 (citing *United States v. Richardson*, 764 F.2d 1514, 1521-22 (11th Cir.), *cert. denied,* 474 U.S. 952 (1985)).  Evidence is considered  inextricably intertwined with the charged crime when it forms an "integral and natural part of the witness' accounts of the circumstances" surrounding that crime.  *United States v. Johnson*, 42 F. 3d 1312, 1316 (10th Cir. 1994).

Having reviewed the exhibits accompanying the government's reply brief, the Court concludes that the evidence represented by those exhibits is relevant to the crimes charged and explains the circumstances involving the Arvest account.  The evidence provides background regarding the crimes charged in the Indictment and is part of the alleged scheme for which Defendant is being prosecuted.  As such, it is admissible as intrinsic evidence without regard to Rule 404(b).  *See*, *e.g., Record*, 873 F.2d at 1372 n.5.  Even if it is extrinsic evidence governed by Rule 404(b), it is offered for a proper purpose under the Rule, as it is designed to show Defendant's motive, plan, or preparation, as well as absence of mistake or accident.  The evidence is relevant in that it will explain the background of the Arvest account.  The probative value of such evidence is not substantially outweighed by the danger of <u>unfair</u> prejudice, as the evidence is similar in nature to the evidence of transactions beginning in May 2003.

Subject to the foregoing, the Court concludes that the evidence, as reflected in the exhibits accompanying the government's reply, is admissible as intrinsic evidence; alternatively, the evidence is admissible as Rule 404(b) evidence.[2]  To the extent Defendant seeks its exclusion in the form of a motion in limine, that motion is denied.  However, if the government seeks to admit other evidence of Defendant's prior acts, counsel must notify the Court and Defendant's counsel prior to

---

[2]*Upon request at trial, a limiting instruction will be given.*

5

doing so; the Court will then determine the admissibility of that evidence outside the hearing of the jury.

B.  Evidence of attempted withdrawals from other accounts:

The government also intends to introduce evidence that, after the Arvest account was almost depleted, Defendant attempted to access funds at MidFirst Bank in Anadarko, Oklahoma, where the Apache Tribe has other accounts (the "MidFirst accounts").  The government states that the evidence will show Defendant attempted to do so in March of 2004, that she was denied access to the MidFirst accounts,  that she asked the Anadarko Agency of the  Bureau of Indian Affairs ("BIA") to assist her in gaining access, and that the BIA refused to assist her.

Defendant contends that evidence of her alleged attempts to withdraw funds from the MidFirst accounts does not satisfy the requirements of Rule 404(b) and is highly prejudicial.   As the government points out, evidence properly admissible under Rule 404(b) is not confined only to prior acts of a defendant; it may include other wrongs or acts arising from conduct occurring after the charged offense.  *United States v. Mares*, 441 F. 3d 1152, 1156 (10th Cir. 2006).  Where the uncharged acts are offered to show motive, intent, or knowledge, they may be admitted "whether the acts involved previous conduct or conduct subsequent to the charged offense, as long as the uncharged acts are similar to the charged crime and sufficiently close in time."  *Id.*

The Court agrees with the government that the subsequent acts at issue may qualify as Rule 404(b) evidence pursuant to *Mares.*   In its reply, the government has offered additional detail to support its contention that the evidence is designed to show Defendant's motive, preparation, and planning; the government also suggests that the evidence will be presented to counter Defendant's defenses of good faith and good faith reliance on the advice of counsel.   As such, the evidence appears relevant to the issues in the case, and it appears to be offered for a proper purpose.

However, the Court has not yet heard the other evidence to be presented in this case, and cannot conclude with certainty prior to trial that this evidence should be admitted. Instead, the Court will reserve a ruling regarding such evidence until the appropriate time at trial. The government is directed to notify the Court and opposing counsel prior to eliciting testimony regarding such matters or seeking to introduce exhibits reflecting the Defendant's March 2004 conduct in connection with the MidFirst accounts. The Court will consider the admissibility of the evidence, outside the hearing of the jury, at that time.

IV.  Conclusion:

For the reasons set forth herein, the Court concludes that evidence of Defendant's conduct regarding the Arvest account, from the opening of that account up to the first date charged in the Indictment as identified in the government's Reply Brief, is admissible. The Court reserves a ruling regarding the admissibility of any other evidence of Defendant's prior conduct as well as the evidence regarding Defendant's March 2004 conduct in connection with the MidFirst accounts. Those matters will be addressed at the appropriate time during the trial.

IT IS SO ORDERED this   17th   day of November, 2008.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE